IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER STAWARZ, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-cv-195 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 6 |
| CO WEBB, JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Pending before the Court is a Stipulation through which the parties seek to transfer this counseled civil rights action to the United States District Court for the Middle District of Pennsylvania. ECF No. 6. Although the parties have stipulated to the transfer, the Court must independently evaluate whether transfer is appropriate. See White v. ABCO Eng'g Corp., 199 F.3d 140, 142 (3d Cir. 1999) ("transfers may not be made simply by stipulation...."). Upon review of the allegations set forth in the Complaint and the factors upon which a change in venue is permissible, the Court finds that transfer to the Middle District is appropriate.

In the Complaint, Plaintiff Walter Stawarz ("Plaintiff") alleges that during his incarceration at the State Correctional Institution at Smithfield ("SCI – Smithfield"), Defendants CO Webb and John Does 1-10 used or participated in the use of excessive and unwarranted force against him by spraying him with oleoresin capsicum ("OC") while he was handcuffed. ECF No. 1. Defendants are also alleged to frequently deploy OC spray on cell blocks in a way that exposed all inmates to its effects. Plaintiff claims that as a result of this broad exposure, he has suffered respiratory symptoms to such a degree that he has been prescribed an inhaler for in-cell use. Accordingly,

1

Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for the violation of his Eighth Amendment rights, and asserts additional state law claims for assault, battery, and the infliction of emotional distress. Id.

Shortly after service of the Complaint, counsel for Plaintiff and Defendant CO Webb filed a Stipulation to transfer this action to the Middle District, where the underlying claims arose. ECF No. 6. To that end, SCI-Smithfield is located in Huntingdon, Pennsylvania, which is in Huntingdon County. Huntingdon County is within the territorial confines of the Middle District. 28 U.S.C.A. § 118(b) (identifying the Pennsylvania counties within each federal district).

Resolution of venue is governed by 28 U.S.C. §§ 1404(a) and 1406(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). Under § 1404(a), a district court may for the convenience of the parties and witnesses and in the interest of justice "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." See 28 U.S.C. § 1404(a). "Section 1406, on the other hand, applies where the original venue is improper[.]" Jumara, 55 F.3d at 878. Under § 1406(a), the Court may either dismiss the action or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Under this framework, the Court must first determine whether venue is proper in the Western District of Pennsylvania. Section 28 U.S.C. §1391 provides in relevant part that:

> (b) **Venue in general**.-- A civil action may be brought in —
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391.

The Complaint does not identify the residency of each Defendant. That said, Plaintiff alleges that all of the events or omissions occurred at SCI-Smithfield, in the Middle District. Thus, while the Court cannot determine on the existing record the propriety of venue in the Western District pursuant to Section 1391(b)(1), venue assuredly is proper in the Middle District pursuant to Section 1391(b)(2).

The Court next must resolve whether, pursuant to 28 U.S.C. § 1404(a), transfer to the Middle District is warranted "for the convenience of parties and witnesses [and] in the interest of justice." In performing this analysis, the courts may rely on traditional venue considerations.

In ruling on § 1404(a) motions,

> courts have considered a host of factors that flesh out the considerations enunciated in the statute (convenience of parties, convenience of witnesses, and the interest of justice). The analysis is flexible and must be made on the unique facts of each case. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249–50, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In Gulf Oil v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), the United States Supreme Court listed two sets of factors that should be considered in deciding a transfer request. The Gulf Oil factors fall into two broad categories. One category is factors relating to the private interests of the parties to the litigation, including: the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, obstacles to a fair trial and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 508. The other category consists of factors involving the public interests in administration of the courts and adjudication of cases, including: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home, and familiarity of the forum court with the applicable law. See id. at 508–09.

Sanchez v. Coleman, No. 2:13-CV-0982, 2014 WL 7392400, at *12 (W.D. Pa. Dec. 11, 2014).

Having considered all the above factors, including ease of access to proof and the convenience of parties and witnesses to the events at issue, transferring this case to the United States District Court for the Middle District of Pennsylvania is warranted. Thus, the parties' Stipulation to transfer venue to the Middle District will be approved.

An appropriate order follows:

### ORDER

Upon consideration of the Stipulation entered into by the parties, ECF No. 6, and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED this 14th day of April 2021, that the Stipulation is approved and this action is transferred to the United States District Court for the Middle District of Pennsylvania for the convenience of the parties and the witnesses. The Clerk shall mark this matter closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:   All counsel of record via CM/ECF